## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ADRIAN THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-1105-NJR** |
| | ) | |
| | ) | |
| **ROB JEFFREYS, ANTHONY WILLS,** | ) | |
| **FRANK LAWRENCE, TACTICAL** | ) | |
| **COMMANDER, and TACT TEAM** | ) | |
| **OFFICERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Adrian Thomas, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Thomas alleges Defendants were deliberately indifferent to his medical condition in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint (Doc. 1), Thomas makes the following allegations:  Thomas suffers from prostate issues and takes medication for both his prostate and bowel (*Id*. at p. 3). The medications, including Flomax, cause him to need to urinate every 25-30 minutes. On August 17, 2021, the tactical team at Menard conducted a major shakedown of Thomas's cellhouse. Thomas and other inmates were cuffed and placed in the chapel for over four hours (*Id*.). Although Thomas requested to use the restroom on several occasions during the time he was held in the chapel, tactical team officers refused. They ultimately punished him for his repeated requests by making him stand up and face the wall (*Id*. at pp. 3-4). After repeated requests to use the restroom, Thomas could not hold it any longer, and he urinated and defecated on himself (*Id*. at p. 4). Several tactical team officers laughed and called him names. Thomas was required to sit in his feces and urine for several hours until the shakedown was completed (*Id*.).

## Discussion

Simply put, Thomas's Complaint fails to state a claim. Although his allegations that the tactical team officers were deliberately indifferent to his medical conditions, which led to Thomas eventually urinating and defecating on himself, could possibly state a claim, his allegations against the "tactical team" are too vague to state a claim in this case. Although Thomas may certainly bring claims against unknown defendants, he must identify the John Does with some specificity ("John Doe #1, John Doe #2, etc.). His referral to "tactical team officers" is too generic and does not even provide notice as to the number of officers that he spoke to while in the chapel.

2

Further, when Thomas sets forth his "legal claims", he alleges that the tactical commander denied his requests, but his statement of claim does not include any allegations that he interacted with the tactical commander at any point during his time in the chapel (*see* Doc. 1, pp. 3, 5). There are no allegations that he spoke to the tactical commander or that the commander was aware of his medical condition and need to access the restroom. Similarly, under the "legal claims" section of his Complaint he alleges that Anthony Wills, Frank Lawrence, and Rob Jeffreys witnessed the actions, failed to correct, and encouraged the tactical team's conduct (*Id.* at p. 5). But again, his statement of claim does not indicate whether or not these Defendants were present during the shakedown or were aware of Thomas's need to use the restroom. To the extent that they simply denied his grievances, the denial of grievances by those not personally involved in the underlying constitutional violation does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

Thus, Thomas's Complaint fails to state a claim, and it is **DISMISSED without prejudice**. Thomas will be granted an opportunity to file an Amended Complaint. If he chooses to do so, Thomas must comply with the instructions and deadlines set forth below.

### Pending Motions

As to Thomas's motion for counsel (Doc. 3), he states that his efforts to obtain counsel have been in vain. But he fails to indicate what efforts he took to seek counsel on

his own. He does not indicate the number of attorneys he wrote or whether or not they responded. His Complaint includes only one letter from UPLC, declining to take his case. Thus, his motion is **DENIED** because he fails to demonstrate that he made reasonable attempts to obtain counsel on his own. Should he choose to move for recruitment of counsel at a later date, the Court directs Thomas to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Thomas should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons stated above, Thomas's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **August 8, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Thomas's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638

4

n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Thomas must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Thomas is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Thomas is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 11, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**